IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VEHICLE IP, LLC,

                              Plaintiff,

      v.

GENERAL MOTORS CORPORATION,
ONSTAR CORPORATION,
CELLCO PARTNERSHIP and
NETWORKS IN MOTION, INC.,

                              Defendants.

OPINION AND ORDER

07-cv-345-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On February 29, 2008, I issued an order granting the motions for summary judgment filed by defendants Networks in Motion, Inc., Cellco Partnership, General Motors Corporation and OnStar Corporation on the ground that no reasonable jury could find that defendants' products infringed plaintiff's U.S. Patent No. 6,535,743 (the '743 patent). Judgment was entered in defendants' favor on March 6, 2008. Now defendants Networks in Motion and Cellco have filed a motion for attorney fees contending that this is an "exceptional case" under 35 U.S.C. § 285 or alternatively that sanctions are appropriate under 28 U.S.C. § 1927.

1

Defendants' motion was filed within 14 days of the entry of judgment in this case and is therefore timely. See IPXL Holdings, L.L.C. v. Amazon.com, Inc., 430 F.3d 1377, 1385-86 (Fed. Cir. 2005) (holding that correct way to perfect claim for attorney fees under § 285 is through compliance with Fed. R. Civ. P. 54(d)(2)(B), which requires motions for attorney fees to be filed no later than 14 days after entry of judgment). I conclude, however, that the defendants' motion must be denied because this is not an exceptional case and plaintiff did not litigate its infringement claims in bad faith.

OPINION

A. Legal Standard

Ordinarily, the American Rule governs the awarding of attorney fees in patent cases, as it does in most civil litigation. The prevailing party absorbs its own costs and fees unless it can show both that it has a source of authority allowing recoupment of those costs and fees, such as a statute or contractual agreement, and that it meets the criteria for an award under that authority. In patent cases, 35 U.S.C. § 285 authorizes a court to award reasonable attorney fees to prevailing parties only if it finds the case "exceptional" by clear and convincing evidence. Beckman Instruments, Inc. v. LKB Produkter AB, 892 F.2d 1547, 1551 (Fed. Cir. 1989). Stated another way, a court may find a case exceptional if the conduct of the losing party would make it grossly unjust for the prevailing party to be left

2

with the burden of litigation expenses. Badalamenti v. Dunham's, Inc., 896 F.2d 1359, 1364 (Fed. Cir. 1990). Factors used in determining exceptionalness include (1) the degree of culpability of the infringer; (2) the closeness of the question; (3) litigation behavior; and (4) "any other factors whereby fee shifting may serve as an instrument of justice." National Presto Industries, Inc. v. West Bend Co., 76 F.3d 1185, 1197 (Fed. Cir. 1996). In cases such as this one in which the alleged infringer is the prevailing party, an exceptional case usually involves litigation misconduct, bad faith in bringing or pursuing the case or misconduct in the procurement of the patent. Stevenson v. Sears, Roebuck & Co., 713 F.2d 705, 713 (Fed. Cir. 1983). Even if the court finds a case exceptional, it need not make an award of fees and costs, but retains the discretion to decide both whether to make or withhold an award and the amount of the award, if any, subject only to the condition that any amount awarded must be reasonable. Gentry Gallery, Inc. v. Berkline Corp., 134 F.3d 1473, 1480 (Fed. Cir. 1999).

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "'Vexatious' conduct involves either subjective or objective bad faith." Pacific Dunlop Holdings, Inc. v. Barosh, 22 F.3d 113, 120 (7th Cir. 1994) (alterations and internal quotations omitted) (citing Kotsilleris v. Chalmers, 966 F.2d 1181, 1184 (7th Cir. 1992)).

3

This standard parallels the requirements for exceptional case recovery under 35 U.S.C. § 285. Accordingly, the relevant inquiry under either provision is whether plaintiff pursued its claims in bad faith and whether it engaged in any litigation misconduct.

## B. Plaintiff's Litigation of the '743 Patent

Defendants contend that this is an exceptional case for two reasons. First, plaintiff failed to engage in any pre-filing investigation of their accused products and second, plaintiff continued to litigate despite the clear evidence of non-infringement. In support of their first contention, defendants point to plaintiff's admission that Vehicle IP did not conduct its own pre-suit analysis and investigation regarding the accused product's infringement of the '743 patent.

Plaintiff's '743 patent claims a system and method for providing directions using a communications network. Realizing that the system and method in the '743 patent might apply to GPS navigational devices that provide turn by turn directions, plaintiff's general counsel, J. Raymond Bilbao, created a rudimentary claim chart comparing defendant's product, as well as several others, to the claims of the '743 patent to see whether the products infringed. In his deposition Bilbao conceded that he did not try to interpret any claim terms when creating his claims chart and that he created the chart to show possible investors that it was highly likely that certain products infringed on plaintiff's '743 patent.

By itself, Bilbao's chart would not constitute an adequate pre-filing investigation; to the contrary, it suggests a parody of one. But Bilbao's charts were not the basis for this suit; they were merely the starting point. Plaintiff hired a specialized group of patent lawyers at Fish & Richardson P.C. to conduct the actual pre-suit infringement analysis and investigation.

Without saying exactly how its lawyers conducted their investigation, plaintiff has provided some of the underlying factual information that was available for its lawyers in conducting investigation to show that such an investigation was done. For example, defendants' product, the VZ Navigator, was publicly available for purchase. Also in the public domain were the VZ Navigator website and the patent applications describing the accused product. All of these provided useful information for a pre-filing investigation. Finally, plaintiff points to its initial claim construction chart as evidence of the reasonableness of the pre-filing investigation that it must have done to produce such a chart so early in the lawsuit.

From the facts that plaintiff did not do a thorough in-house pre-filing investigation and that it had invoked its lawyer-client privilege regarding details of its special patent lawyers' investigation, defendants would have the court jump to the conclusion that plaintiff did not perform any pre-filing investigation or that if it did, it disregarded the adverse findings of Fish & Richardson. If this were all the evidence plaintiff had, I would grant

5

defendants' motion. Plaintiff cannot rely on undisclosed advice of counsel to protect against a claim of lack of pre-filing investigation. In re: Echoster Communications Corp., 448 F.3d 1294, 1303 (Fed. Cir. 2006). I rely instead on the fact that plaintiff's infringement argument did not change after discovery. It seems unlikely that plaintiff's original theory just happened to be the one that plaintiff stayed with to the end of the case. It is far more likely that it was based on outside counsel's initial investigation, in which case the pre-filing infringement investigation was reasonable.

Nonetheless, defendants contend that even with all that information plaintiff did have, it could not have done a pre-filing investigation without the source code for defendants' product. Access to that code may have been of assistance in the infringement analysis, but its absence did not prevent plaintiff from making an infringement determination. Before it had access to the code, plaintiff created its claims chart and provided claim constructions that it maintained through summary judgment, even after viewing the source code. Despite defendants' assertion to the contrary, I am not persuaded that the source code was critical to the pre-filing investigation. Moreover, as I have noted before, "[a] less-than-ideal pre-filing investigation does not always rise to the level of sanctionable conduct[.]" Ardisam, Inc. v. Ameristep, Inc., No. 03-C-553-C, 2005 WL 2902492, at *2 (W.D. Wis. Nov. 3, 2005) (citing MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369, 1381 (Fed. Cir. 2005)). Plaintiff may

6

not have performed a *perfect* pre-filing investigation, but defendants have failed to prove by clear and convincing evidence that the investigation was not a *reasonable* one.

For their second contention in support of exceptionalness, defendants assert bad faith pursuit of infringement claims in the face of clear evidence of non-infringement. The core of this contention is that plaintiff's infringement claims were objectively baseless. Defendants' contention is unpersuasive.

Plaintiff's claims of infringement were not so weak as to justify an exceptional case finding. The resolution of this case turned on the court's construction of claim terms in the '743 patent. Although the construction entitled defendants to prevail, and I continue to believe that the construction was correct, the constructions were not the only plausible ones. Plaintiff's expert disagreed with the court's construction and provided reasoning for his own plausible construction. Although I found plaintiff's expert's construction unpersuasive, I do not believe it was objectively baseless.

Furthermore, construction of the term "notification region" was disputed throughout this lawsuit. Construction of the term required combining the claim language and specification as well as interpreting the prosecution history of the '743 patent. If the court of appeals were to find that this court erred in its construction of a "notification region," plaintiff may yet prevail on its infringement claim.

Defendants' exceptional case contention is based entirely on the hindsight adoption

7

of this court's construction of the '743 patent.  More than this is required to prove by clear and convincing evidence that plaintiff pursued this litigation in bad faith.

Finally, defendants point to discovery disputes during litigation to support their characterization of this case as exceptional.  In defendants' view, plaintiff tried to drive up litigation costs by dragging its feet during discovery, but neither side can claim bragging rights when it comes to discovery.  Plaintiff made it difficult for defendants to gain access to defendants' code; defendants provided numerous irrelevant documents for plaintiff to search through in response to discovery requests.  Annoying as these disputes were, they are not so unusual (unfortunately) as to make this an exceptional case.  The term "exceptional" means just that.  See, e.g., Third Wave Technologies, Inc. v. Stratagene Corp., 405 F. Supp. 2d 991, 1015-18 (W.D. Wis. 2005) (finding exceptional case where party gave untruthful answers to interrogatories, disobeyed court orders, unilaterally canceled depositions, violated protective order and asserted wholly unsupported defenses and frivolous responses to findings of fact on summary judgment).

After reviewing the record, I am not left with the indisputable conclusion that an award of attorney fees is necessary to avoid gross injustice to defendants.  Rohm & Haas Co. v. Crystal Chemical Co., 736 F.2d 688, 691 (Fed. Cir. 1984).  Because defendants have failed to prove by clear and convincing evidence that this is an exceptional case, their motion for attorney fees will be denied.

ORDER

IT IS ORDERED that the motion for attorney fees (dkt. #169) filed by defendants Networks in Motion, Inc. and Cellco Partnership is DENIED because this is not an exceptional case under 35 U.S.C. § 285 and because plaintiff's attorneys did not act vexatiously in pursuing plaintiff's claims under 28 U.S.C. § 1927.

Entered this 2nd day of June, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge